*163
 
 Battle, J.
 

 No authority has been shown for the proposition that a person can, either by what he says or does, make evidence for himself, even though it may have been against his interest at the time when it was said or done. The general rule undoubtedly is, that a party cannot offer in evidence his own acts or declarations, unless they form part of something done, which it is competent for him to prove. In such case we have never heard an exception contended for, that the acts or declarations Avere against the interest of the party doing .or making them. If they are really against his interest, he will never offer them, and it is only when a change of circumstances, as in the present case, makes it his interest to offer them in evidence, that he will do so, and then, like all other interested testimony, they ought to be excluded. This is not like the case of a payment on a bond or note, established by other evidence than the proof of the obligee’s or payee’s hand-writing; nor like the case, where a person who has peculiar means of knowing a fact, makes a declaration or written entry of that fact, Avhich is against his interest at the time, and after his death, is evidence of the fact as between third persons. See
 
 Peck
 
 v.
 
 Gilmer,
 
 4 Dev and Bat. Rep. 254, and the cases there cited. Here the written entry is offered as evidence, not in a suit between third persons, but in a suit in which the personal representative of the party who made it, is plaintiff. It is now to his interest to introduce it, and it ought to be rejected.
 

 Pee Cueiam, The judgment must be reversed, and a new trial granted.